FOSTER v. R. L. CRAWFORD.

SAME v. HEATH, SPRINGS & CO.

SAME v. W. J. CUNNINGHAM.

SAME v. G. W. POOVEY.

SAME v. LANCASTER COTTON MILLS.

SAME v. LEROY SPRINGS.

SAME v. GRACE W. SPRINGS.

SAME v. W. S. LEE PORTER.

SAME v. R. C. McMANUS.

SAME v. IRA B. JONES.

SAME v. ABRAM T. CULP.

MINOR—FRAUD.—SERVICE OF SUMMONS personally on infant defendants under fourteen years of age, in suit by mother as only plaintiff against them as defendants for partition, &c., and acceptance of service of summons by mother as natural protector with whom infants reside, there being no general or testamentary guardian, although acknowledgment was indorsed on day later than service, is a good service on defendant, in absence of fraud.

Before BUCHANAN, J., Lancaster, October, 1899. Affirmed.

Action by Gertrude Foster, J. Cantzon Foster, and Carl A. Foster, Catherine Foster, R. K. Foster, and Josephine Foster, by their guardian *ad litem,* J. Cantzon Foster, against R. L. Crawford, and also ten other actions by same plaintiff against the ten other defendants named in caption. The Circuit Judge, after hearing the cases, announced from the Bench the following reasons for signing the order thereto appended :

"There is no dispute as to the facts in their case; the only question in the case submitted to the Court being a question of law. It is conceded that, if the decree for the sale of the land of the Foster estate, made in the case of Charlotte R. Foster *v.* Eloise Foster *et al.,* was not void, then the defendant has legal title to the land here in question. But it is claimed by plaintiffs that said decree was and is void as to plaintiffs in this action, the claim being that said plaintiffs here were never properly served with process in said former action in which they were named as defendants. The question is whether the record in said action of C. R. Foster *v.* Eloise Foster *et al.,* shows that the infant defendants there, who are plaintiffs in this action, were served with the summons so as to give the Court jurisdiction of the persons and property of said infant defendants in said former action. The claim of the plaintiffs in this action is, that, in order to obtain jurisdiction over them as defendants in said former action, they being infants under fourteen years of age, it must appear from the record that the officer serving the summons therein delivered the same to said infant defendants therein, and also to C. R. Foster, the mother of said infant defendants and the person with whom they resided, she being also the plaintiff in said action. The plaintiffs claim that no such service by formal delivery to the said C. R. Foster for the said infants was made, that her admission, acknowledgment and acceptance of service, as the mother of said infants

and the person with whom they resided, which is indorsed
upon the summons and signed by her, and which is also con-
tained in her petition for appointment of guardian *ad litem*,
is not sufficient and does not show service.   In the first place,
the Court holds that the mother and only surviving parent of
these infants, being the plaintiff in the cause and cognizant
of the issuance of her own summons, it was not necessary
that there should be any formal service whatever upon her,
the object of service being to give notice, and she having
notice already and acting upon that notice in procuring the
appointment of a guardian *ad litem* for the infants.   There
being no general or testamentary guardian, and the plaintiff
being the mother and the person with whom the infant de-
fendants resided, it would be a vain and useless act to make a
formal delivery to her of her own summons by the hands of
an officer or other person to make such formal service.   In
point of fact, however, the record shows that the summons
was served by delivery to the infant defendants, as appears
by the proof of service indorsed on the summons, and also
shows that it was served on C. R. Foster, the mother of said
infants and the person with whom they resided, as appears
by the written acknowledgment, signed by her, indorsed
upon the summons.   Besides, in her petition for the appoint-
ment of guardian *ad litem* for these same infants, there ap-
pears a clear acknowledgment and admission of service.   The
record, therefore, in the case of C. R. Foster *v.* Eloise Foster
*et al.,* shows affirmatively the infant plaintiffs here (all of
whom were defendants there) were served with the process
in that action by the delivering  not  merely to the infants
themselves, but also to their mother, C. R. Foster, with whom
these infants resided.   It shows that the said C. R. Foster
thereupon applied for and procured the appointment of a
guardian *ad litem* for said infants, who appeared and an-
swered for and in the name of said infants.   Thereafter, a
decree for the sale of said lands was made, the sale had,
under which defendant acquired  title to the land here in
question, and such sale  and  conveyance confirmed by the

Court. It must be concluded that the title to the land in question passed by such sale, conveyance and confirmation of sale. Thereupon, the Judge signed the following order or decree in the case against R. L. Crawford: A jury trial of the legal issues as to the title to the land here in question having been duly waived by the parties, plaintiffs and defendant, and the said legal issue as to the title of the land here in question having been submitted for determination by the Court, the equitable issues raised by the allegations of the answer, and the counter-claim for betterments therein set up being reserved, after hearing the evidence, I find that the legal title to the land here in question is in the defendant, there being no jurisdictional defect in the case of Charlotte R. Foster *v.* Eloise Foster *et al.,* the facts are not disputed, and the reasons for the conclusions that there is no jurisdictional defect in the record of the judgment in the case of Charlotte R. Foster *v.* Eloise Foster *et al.,* have been orally stated and taken down by the stenographer. Hereupon, it is ordered and adjudged, that the complaint be dismissed with costs."

Also the following order:

"The above is the order in the case against R. L. Crawford. In each of the other cases by same plaintiffs against the defendants severally named in the several cases stated in the title, it was conceded by plaintiffs in open Court that said decision of the question submitted to and decided by the Court by the decree in the above stated case against R. L. Crawford, was conclusive of the issue submitted in the said other cases, the facts in said other cases upon this particular issue being admitted by plaintiffs to be substantially the same as in the Crawford case, the defendants in said other cases holding under deeds executed by the clerk of the Court in pursuance of sales made as in the Crawford case; all other issues in said other cases being reserved. Accordingly the following decree in each of the other cases stated in the title was made: The issue as to the legal title in this action being the same as in the action by the same plaintiffs against R. L.

Crawford, defendant, in which a decree was made at this term dismissing the complaint, and it being conceded by plaintiffs that the decision in the case just mentioned is conclusive of the question of title raised by the pleadings in this case, and said issue as to legal title in this case having been herein submitted by agreement for determination by the Court, and it being conceded that the decision in this case depends upon the same facts as in the case against R. L. Crawford above mentioned. Hereupon, it is ordered and adjudged, for the reasons stated in the decree in the said case against R. L. Crawford above mentioned, that the complaint herein be dismissed with costs."

Plaintiffs appeal.

*Messrs. J. H. Foster* and *J. T. Hay,* for appellants, cite: Code, 155, sub. 2; 17 S. C., 435; 23 S. C., 154, 187; 24 S. C., 373; 25 S. C., 275; 31 S. C., 576; 80 Ala., 395; 64 Ala., 406; 109 Ib., 430; 101 Ib., 340; 1 Ib., 379; 16 Ib., 509; 47 Ib., 195; 37 Ib., 595; 43 Ib., 78; 63 Ib., 241; 57 Ib., 614; 84 N. Y., 626; 134 N. Y., 568.

*Mr. T. Y. Williams,* for McManus and Lancaster Cotton Mills, contra, cites: 51 Col., 615; 45 Miss., 374; 31 S. W. R., 139; 86 Ky., 618; 14 S. W. R., 908; 49 S. W. R., 188; 31 S. C., 576; 35 S. C., 394; 23 S. E. R., 516; 48 S. C., 568.

*Mr. Earnest Moore,* for Heath, Springs & Co., Poovey, Leroy Springs, Grace W. Springs, Porter and Culp, contra, cites: 51 Col., 615; 49 S. W. R., 188; 31 S. W. R., 142; 86 Ky., 618; 48 S. C., 568; 51 S. C., 393; 31 S. C., 579; 49 S. C., 136; 56 S. C., 96; 3 S. C., 308; 13 S. C., 91; 37 S. C., 345.

*Mr. Chas. D. Jones,* for other defendants, respondents, contra, cites: 56 S. C., 4; Code, 155; 17 S. C., 439; 23 S. C., 187; Code, 159; 25 S. C., 282; 35 S. C., 391; 48 S. C., 566; 32 S. C., 307; 31 S. C., 579; 35 S. C., 404; 45 Miss., 374; 31 S. W. R., 139; 16 Ala., 513; 45 Wis., 67.

*Messrs. R. E. & R. B. Alleson,* also for other defendants, respondents, contra, cite: 28 S. C., 119; 17 S. C., 75; 42 S. C., 511; 48 S. C., 566; 23 S. C., 167; 56 S. C., 96; 51 Col., 615.

April 30, 1900.   The opinion of the Court was delivered by

JUDGE WATTS, *acting Associate Justice, in place of Justice Jones, disqualified.*   These cases were heard together on appeal from a decree of his Honor, Judge Buchanan.   Judge Buchanan heard the case of plaintiffs, appellants, against R. L. Crawford, defendant, respondent, by consent without a jury at Lancaster, at October term of Circuit Court, 1899, and it was agreed, as the facts were the same substantially in the other cases on the issues involved, that whatever decree was entered in this case should be entered in each of the other cases stated in the title.   When the cause was heard by Judge Buchanan there was no dispute as to the facts of the case, and the determination of the case turned solely upon the point as to whether or not these plaintiffs, appellants, had been properly served and made parties to a suit instituted by their mother, Charlotte H. Foster, as administratrix of the personal estate of J. H. Foster, deceased, plaintiff, against Eloise Foster *et al.,* defendants, to pay debts, partition lands, &c.   It was conceded that these plaintiffs, appellants, were named in said suit as parties defendant, but it was denied that such service had been made as would make them parties to said suit and bind them by an order or decree passed therein.   His Honor, Judge Buchanan, held that these plaintiffs, appellants, had been made parties to that suit, and were bound by orders and decrees therein made, and found that the legal title to the lands in question was in defendants.   He found that the appellants here, who were minors and defendants in that case, were personally served by delivery of process in that case, and their mother and the person with whom they reside admitted in writing that she had been served with summons in that case, and this acknowledgment

was indorsed on the summons therein.    He further held and decided that as the mother, with whom the minors lived, had knowledge of the suit, it having been instituted by her, and she being the plaintiff therein, it was unnecessary for her to be served in order to properly bring the infants before the Court, and that service upon them was sufficient, inasmuch as she petitioned the Court and had a *guardian ad litem* appointed to represent them.    The order of Judge Buchanan, and his reasons given for passing the same, should be incorporated in the report of this case.

From this decree of Judge Buchanan the plaintiffs appeal, alleging error: "First. That his Honor erred in holding in the case where the mother and sole parent is plaintiff in an action against her minor children, defendants, it is not necessary that the summons in action should be served upon the parent, there being no general or testamentary guardian of said defendants.    Second. That his Honor erred in holding that it appeared upon the record that the summons in the action of Foster *v.* Foster *et al.,* was served upon the mother and only surviving parent of minor defendants."

From my view of the case, it is not necessary to consider the first ground of appeal.    The record in case of Charlotte R. Foster, as administratrix, &c., plaintiff, against Eloise Foster *et al.,* shows, by sworn return of W. McD. Brown, made on 21st of January, 1889, that he personally served the defendants in that suit, "by delivering to them personally and leaving with them copies of the same at their residence at Lancaster, S. C.," on the 19th of January, 1889, and he proceeds to name parties served, and among those named as so served are the appellants here; on the back of said same summons is the indorsement: "As the only surviving parent and protector of the infant children herein named, I do hereby acknowledge service of a copy of this summons on me for them, who were also personally served on the 19th day of January, 1889.    They all reside with me.    C. R. Foster."

Later on a summons was issued to a supplemental complaint in said case, and upon the back of which we find a re-

turn of W. M. Crawford, under oath, that he served the defendants in that case "personally and leaving with each of them a copy of the same at their home at Lancaster, S. C., on the 28th day of May, 1891," and then he goes on to name the parties served, the parties named as so served being the appellants herein.   On the back of said summons to said supplemental complaint in said record is indorsed : "On the 28th day of May, 1891, as well as before and since that date, my children, the defendants, were all living with me as their mother, and as their mother and only protector I acknowledge service of this summons on me, as the mother of all who were under the age of fourteen years of age, as of that date, to wit : 28th day of May, 1891.   C. R. Foster."   After that Mrs. Foster petitioned on July 10th, 1891, for C. T. Conners, Esq., to be appointed *guardian ad litem* to represent the infant defendants, and he was appointed and made answer on July 13th, 1891, by T. S. Carter, also as their attorney. There is no suggestion here that any fraud has been practiced and unfair advantage taken, or that the property sold under proceedings in the case of Foster, administratrix, &c., *v.* Foster, brought less than its full value, at which sale it appears that Mrs. Foster, the mother of appellants, purchased the property, but the sole contention is, that Mrs. Foster was not served and return made in strict accord with terms of statute regulating how infant defendants are to be served and made parties to suits.   The acknowledgment of Mrs. Foster shows that she was served on the same day with copies of summons that her children were served by the officers with summons; the acknowledgment shows that the infant defendants lived with her, the officer's affidavit shows that their residence was Lancaster, S. C.   Suppose she did not give a written acceptance of service the day she was served with the summons, what was there wrong in her acknowledging later that she had been served on that day than there is in a person serving a summons on one day and later on and on a different day making an affidavit that on a particular day named he served the summons?   Mrs. Foster could not deny service

on the day set out in her acknowledgment, if she attempted to do so. Then, again, if it were necessary, the Court could allow the return to be amended so as to comply with the very strict construction asked for in this case as to what acceptance should contain as to time, place, &c., and it would most certainly do so rather than upset sales and deprive purchasers of land paid for, when it is not even suggested that there was any fraud, wrong doing or unfairness in the sale had under the proceedings in this case.

But we think the record shows affirmatively that the infants and their mother were both served with summons, and that the judgment of the Circuit Court should be and it is affirmed. It is also ordered, that the clerk of this Court do, at the proper time, send down the *remittitur* in each of the cases stated in the title, in accordance with the judgment herein announced.