24228

Catherine Rita ROCHE, as Personal Representative of the Estate of George J. Roche, Petitioner v. YOUNG BROTHERS, INC., of Forence, d/b/a Days Inn East, Respondent.

(456 S.E. (2d) 897)

Supreme Court

*William P. Hatfield,* of *The Hyman Law Firm,* Florence, *for petitioner.*

*Wm. Reynolds Williams* and *C. Craig Young,* of *Baker & Williams, P.A.,* Florence, and *C. Mitchell Brown,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard Dec. 6, 1994.

Decided Apr. 3, 1995.

TOAL, Justice:

We granted certiorari to review the Court of Appeal's decision in *Roche v. Young Brothers, Inc.,* 313 S.C. 356, 437 S.E. (2d) 560 (Ct. App. 1993). We reverse the Court of Appeals and reinstate the entry of default by the clerk of court for Florence County under Rule 55(a), SCRCP. We reverse the trial judge's denial of a new hearing on damages. We vacate the judgment of default and remand to the circuit court for a damages hearing as required by Rule 5(a), SCRCP.

## FACTS

George Roche was injured when he slipped and fell at a Days Inn motel owned by Young Brothers. On June 4, 1990,

Roche's attorney notified Young Brothers, Inc. ("Young Brothers") of Roche's pending claim by certified letter, return receipt requested addressed to Days Inn. J.N. Young, vice president of Young Brothers, signed the receipt. Neither Young Brothers nor its insurance carrier responded.

On August 31, 1990, Roche filed this action. Roche mailed the summons and complaint certified mail, return receipt requested to the defendant's post office box, addressed to Mr. Edward L. Young. Edward L. Young is the registered agent of Young Brothers. J.N. Young, vice president of Young Brothers, signed the return receipt on September 4, 1990. Again, Young Brothers did not respond. On November 1, 1990, Roche filed an affidavit of default. Pursuant to Rule 55(a), SCRCP, the clerk of court for Florence County entered the default on November 2, 1990.

A damages hearing was held February 6, 1992. No attempt was made to notify Young Brothers of the damages hearing. A judgment was entered against Young Brothers in the amount of $45,000. On February 12, 1992, Roche notified Young Brothers of the judgment by mailing a certified copy of the judgment addressed to Messrs. J.N. Young and Edward L. Young, certified mail, return receipt requested. The return receipt was again signed by J.N. Young. Young Brothers responded by filing a motion to set aside the judgment under Rule 60(b), SCRCP on February 14, 1992. Young Brothers argued the default judgment should be set aside because service of process was not perfected, and the default was the result of inadvertence or excusable neglect. In the alternative, Young Brothers argued it should be granted a new damages hearing because it did not receive notice of the damages hearing. The circuit court judge denied the motion. Young Brothers appealed. The Court of Appeals reversed in *Roche v. Young Brothers,* — S.C. —, 437 S.E. (2d) 560 (Ct. App. 1993), holding service was not perfected. We granted certiorari.

## LAW/ANALYSIS

Roche claims the Court of Appeals erred in holding service of process on Young Brothers was insufficient under Rule 4, SCRCP. We agree.

Rule 4, SCRCP serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of resonable notice of the action. We have

never required exacting compliance with the rules to effect service of process. *See Foster v. Crawford*, 57 S.C. 551, 36 S.E. 5 (1900) (when officer's return defective as to time and place of service, it can be amended to state facts); *Saunders v. Bobo*, 2 Bailey 492 (1831) (sheriff's incomplete return that was not sworn to may be amended); *Miller v. Hall*, 1 Speers 1 (1842). Rather, we inquire whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings.

Service on a corproation may be made by hand delivering a copy of the summons and complaint to an officer of the corporation *or* to an authorized agent of the corporation. Rule 4(d)(3), SCRCP.[1] The rule "presupposes that an officer of the corporation will know what to do with the papers served and will see that the corporation takes steps to defend the action." 62B Am. Jur. (2d), *Process* § 268 (1990). Once papers have been served on an officer of the corporation, the corporation then has actual notice of the action. *Pioneer Util. Corp. v. Scott-Newcomb, Inc.*, 26 F. Supp. 616 (E.D.N.Y. 1939). J.N. Young as vice president of Young Brothers was an officer of the corporation upon whom service could be made under Rule 4(d)(3), SCRCP. *See e.g. Kroetz v. AFT-Davidson Co.*, 102 F.R.D. 934 (E.D.N.Y. 1984); *Magnaflux Corp. v. Foerster*, 223 F. Supp. 552 (N.D. Ill. 1963).

Personal service[2] may also be effected on certain classes of

---

[1] Rule 4(d)(3), SCRCP privides as follows:

> (3) *Corporations and Partnerships.* Upon a corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, a namaging or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

[2] Rule 4(d), SCRCP provides in pertinent part as follows:

> (d) **Summons: Personal Service.** The summons and complaint must be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Voluntary appearance by defendant is equivalent to personal service; and written notice of appearance by a party or his attorney shall be effective upon mailing, or may be served as provided in this rule. Service shall be made as follows:

> (1) *Individuals. . . .*
> (2) *Minors and Incompetents. . . .*

defendants by mail. 4(d)(8), SCRCP[3] allows a corporation to be served by "certified or registered mail, return receipt requested and delivery restricted to the addressee." Service by mail cannot be the basis for a default judgment unless the return receipt shows "acceptance by the *defendant*." Rule 4(d)(8), SCRCP (Emphasis added). However, any default judgment may be set aside if the *defendant* "demonstrates to the court that the return receipt was signed by an unauthorized person." Rule 4(d)(8), SCRCP.

The evidence revealed that J.N. Young always picked up the mail from the corporation's post office box. The Court of Appeals held that the plaintiff failed to prove that J.N. Young was an agent for Ed Young. This is not the standard of proof under the Rule 4(d)(8). Under Rule 4(d)(8) the defendant, not the plaintiff, must prove that the receipt was signed by an unauthorized person. The plaintiff need only show compliance with the rules.

"When the civil rules on service are followed, there is a presumption of proper service." 62B Am. Jur. (2d) Process § 111 (1990). Contrary to Young Brothers' assertion, Roche fully complied with all of the requirements of Rule 4(d)(8), SCRCP. Rule 4(d)(8) requires that the return receipt be restricted to the addressee and show acceptance by the defendant. The rule simply does not require the specific addressee to sign the return receipt.[4] Roche fully complied

---

(3) *Corporations and Partnerships.* . . .

.       .       .       .       .

(8) *Service by Certified Mail.* . . .

[3] Rule 4(d)(8), SCRCP provides in pertinent part as follows:

Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to addressee. Service pursuant to this paragraph shall no be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant. Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person.

[4] Although the better practice is to list the corporation and a person authorized to accept service on its behalf as addressees on the return receipt, no such requirement is specified in the rule. *See* R.Civ. P. 4(d)(8) advisory committee's note.

with the rule and Young Brothers has failed to show J.N. Young was an unauthorized person to accept service on behalf of the corporation, therefore, we reverse the Court of Appeals.

We also agree with the trial judge that the default was not the result of inadvertence or excusable neglect.

J.N. Young signed the return receipt. He testified that he places the mail on a secretary's desk and she distributes the mail. The summons and complaint, however, never reached either Edward Young, the registered agent, or Harold Coker, the general manager of the corporation. Losing a summons and complaint within the corporation is not a ground to set aside a default judgment. *See Inter-City Prods. Corp. v. Willey*, 149 F.R.D. 563 (M.D. Tenn. 1993) (no error in not setting aside default judgment based of filing or clerical error which resulted in failure of inhouse counsel to discover service of process and make appearance on behalf of corporation).

Finally, Young Brothers claims that it should have been notified under Rule 5(a), SCRCP of the damages hearing.[5] We agree.

When the defendant has not answered or otherwise appeared there is no requirement that notice be given before entering a default judgment. Rule 55(b), SCRCP. However, when the relief which is sought is unliquidated damages, Rule 5(a) specifically provides "notice of any trial or hearing on unliquidated damages *shall* also be given to parties in default." Rule 5(a), SCRCP (Emphasis added). Young Brothers did not receive notice of the damages hearing as required by Rule 5(a), SCRCP. We, therefore, reverse the trial judge and remand to the circuit court for a new hearing on damages.

Based upon the foregoing, we reverse the Court of Appeals and reinstate the entry default by the clerk of court for Florence County under Rule 55(a), SCRCP. We reverse the trial judge's denial of a new hearing on damages. We vacate the judgment of default and remand to the circuit court for a damages hearing as required by Rule 5(a), SCRCP.

Reversed.

---

[5] Because the Court of Appeals held service was ineffective, this issue was not reached in *Roche v. Young Brothers*, 313 S.C. 356, 437 S.E. (2d) 560 (Ct. App. 1993).

CHANDLER, C.J., FINNEY and MOORE, JJ., and JOE WILSON, Acting Associate Justice, concur.