65 F.3d 166
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carole NEWBERRY, Personal Representative of the Estate of L.
Marshall Cuvillier, III, Deceased, Plaintiff-Appellee,
v.
PIERCE ASSOCIATES, INC., Defendant-Appellant,
and
Michael Milliron, d/b/a M & M Helicopters; Clifton D.
McGowan, d/b/a Liberty Helicopters, Defendants.
 No. 94-1089.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1994.
Decided: Sept. 5, 1995.
 
 ARGUED: William Dixon Robertson, III, BOWERS, ORR & ROBERTSON, Columbia, SC, for Appellant. Desa Ann Rice Ballard, NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, P.A., Barnwell, SC, for Appellee. ON BRIEF: L. Joel Chastain, NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, P.A., Barnwell, SC, for Appellee.
 Before WIDENER and WILKINS, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Pierce Associates, Inc. (Pierce), appeals from a denial of its motion, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, for relief from a default judgment entered against Pierce in a wrongful death action in the district court for the District of South Carolina. Pierce argues that process was not properly served upon it when the original complaint in the district court was amended to join Pierce as a defendant, and that in any event Pierce was not subject to personal jurisdiction in the State of South Carolina. We affirm.
 
 
 2
 Briefly, the facts of the case are as follows: Michael Milliron, President of Pierce, a Nevada corporation whose stock was owned in trust for Milliron's children with Milliron's mother as trustee, leased a helicopter from Pierce in January 1990 for six months. The lease provided that Milliron was solely responsible for maintenance and insurance, and further contained a nonassignment clause. Milliron then turned the helicopter over to the exclusive use of one McGowan for one year for the purpose of clearing logs in South Carolina in the aftermath of Hurricane Hugo.[1] Milliron hired Marshall Cuvillier to operate the helicopter. In early March 1990, the helicopter crashed and Cuvillier was killed.
 
 
 3
 Cuvillier's estate brought a wrongful death action against Milliron, McGowan, and others. Pierce was joined as a defendant by amendment to the complaint, to which Milliron did not object. Service was made upon Pierce by certified mail, return receipt requested, directed to Maryann[2] Dickens, Pierce's statutory agent for service of process. The return receipt was signed by "K. Dickens," identity unknown. Maryann Dickens denies ever having received service or passed it along to Pierce.
 
 
 4
 Pierce did not answer or appear in the South Carolina action, and plaintiff moved for a default, which the court granted after a hearing. The South Carolina action was then stayed as to all of the defendants except Pierce, pending plaintiff's efforts to collect against Pierce on the default judgment. Plaintiff then filed an action in district court in Nevada, and upon learning of this, Pierce filed a motion under Rule 60(b)(4) in South Carolina for relief from the judgment.
 
 
 5
 The district court denied the motion. The court found that service of process was sufficient on Pierce through Maryann Dickens, because "[s]ervice under [South Carolina law] has been held valid when the return receipt was signed by an employee, ... and [as well] by a thirteen year old son of the defendant," and because " '[t]he only due process consideration as to manner of service is that the statutory method of service must be "reasonably calculated to reach interested parties." ' "[3] Moreover, the district court found that because Milliron had a copy of the summons and complaint, and because the principals of Pierce were Milliron and his family, "the only principals of Pierce Associates, Inc., had actual knowledge of Pierce having been sued."
 
 
 6
 The district court further found that the South Carolina courts did have personal jurisdiction over Pierce based on the actions of its agent, Milliron, in South Carolina under South Carolina's long-arm statute. Although Milliron argued that his actions in South Carolina were personal and unrelated to Pierce's business, the district court found that Milliron had taken a number of actions that, under the lease agreement, he could lawfully take only if he was acting on behalf of Pierce, and further that Pierce itself did actually perform a number of acts in and around South Carolina in relation to the incident. The district court thus concluded that Milliron was acting as Pierce's agent in South Carolina for purposes of personal jurisdiction.
 
 
 7
 After reviewing the record, we are of opinion that the district court did not err in denying Pierce's motion. On the basis of the district court's reasoning, the order denying relief from the default judgment is
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 According to the lease, the helicopter could not be flown except under FAA regulations. Milliron did not have such a required FAA operator's certificate but McGowan did. The FAA requires that a certificateholder either own a particular rotorcraft or have "a written agreement ... giving him possession, control, and use for at least six consecutive months" in order to operate the craft under the certificate. 14 C.F.R. Sec. 133.19(b)
 
 
 [2]
 Referred to in the papers also as Mary Ann
 
 
 [3]
 Cf. Roche v. Young Brothers, 456 S.E.2d 897, 900 (S.C.1995), which held that under S.C.R.C.P. 4(d)(8) "... the defendant, not the plaintiff, must prove that the receipt was signed by an unauthorized person. The plaintiff need only show compliance with the rules."