THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Diversified Distributors, Inc.,       
Respondent,
 
 
 

v.

 
 
 
Bell Appliance Service, Inc., d/b/a Bell Appliance Sales and Service, 
 and Daniel Paul Bell,        Defendants,
Of whom Bell Appliance Service, Inc., d/b/a Bell Appliance Sales and 
 Service, is        Appellant.
 
 
 

Appeal From Charleston County
Gerald C. Smoak, Circuit Court Judge

Unpublished Opinion No.  2003-UP-128
Submitted January 10, 2003  Filed February 18, 2003 

AFFIRMED

 
 
 
Frederick J. Newton, of Charleston; for Appellant.
Charles S. Altman and Robert E. Culver, both
of Charleston; for Respondent.
 
 
 

PER CURIAM: Bell Appliance, Inc. (Bell Appliance) 
 appeals the default judgment entered against it, arguing that Diversified Distributions, 
 Inc. did not comply with Rule 4, SCRCP, when it purportedly served Bell Appliance 
 with a summons and complaint.  
FACTS
Bell Appliance is a family-run appliance sales business, 
 wholly owned by David S. Bell.  Bell Appliance has done business under many 
 different, although similar, names, such as: Bell Appliance Service, Inc., Bell 
 Appliance Sales and Service; Bell Appliance Center, Inc.; Bell Furniture Outlet; 
 and Bell Furniture and Appliance. However, no matter what the name, the sign 
 on top of the store, the mailing address, and the telephone number were always 
 the same.  
In this case, Diversified alleges that Bell Appliance, 
 doing business as Bell Appliance Sales and Service, ordered over $80,000 in 
 appliances and failed to pay for the goods. Diversified filed a summons and 
 complaint against Bell Appliance and Daniel Bell. In its attempt to serve Bell 
 Appliance, Diversified learned that Bells registered agent was David S. Bell.  
 However, the registered address, 5739 Dorchester Road, Charleston Heights, South 
 Carolina, did not exist.  Rather than send service to the non-existent address, 
 Diversified served the summons and complaint via certified mail, return receipt 
 requested, delivery restricted to Daniel P. Bell, at the Bell Appliance business 
 address.  Daniel Bell is David Bells son and operated the appliance sales business 
 at the time.  Daniel Bell signed the receipt for delivery.  
In addition to serving Daniel Bell, Diversified sent 
 a copy of the summons and complaint to Bell Appliance Service, Inc.  Originally, 
 the summons and complaint were sent with restricted delivery, but the U.S. Postal 
 service will not send restricted delivery to a corporate entity.  Therefore, 
 the summons and complaint were sent via certified mail, return receipt requested 
 to Bell Appliance, and Daniel Bell accepted this service as well. 
Neither defendant answered the summons and complaint, 
 and an Order of Default and Default Judgment was entered in the amount of $111,492.65. 
 Diversified began to execute its judgment lien upon Bell Appliances commercial 
 property.  Bell Appliance moved to set aside the default judgment, arguing it 
 was never served. 
Bell Appliance argues that David Bell was the sole 
 owner and operator of Bell Appliance Services, Inc., and that he got out of 
 the retail business and went to a . . . landlord type business before this 
 action arose. David Bell leased a portion of his building to his son, Daniel, 
 who ran his own company called Bell Appliance Sales. Other businesses also 
 rented space in David Bells building, and all of the businesses received mail 
 in one large mailbox. David Bell continued to receive mail for Bell Appliance 
 Services, Inc. in that mailbox too. David Bell asserts that he never received 
 the summons and complaint for Bell Appliance and that Daniel Bell was an employee 
 of an entirely separate business at the time the pleadings were received. Therefore, 
 if Daniel Bell was in fact served with the pleadings, service was not effective 
 against Bell Appliance.
Judge Smoak denied the motion, finding that Bell Appliance 
 failed to meet its burden of proving that Daniel Bell was unauthorized to accept 
 service of process on its behalf.  Bell Appliance appeals.
ISSUES

 
 Was Daniel Bell authorized to receive service on behalf of Bell Appliance?
 
 
 Even if Daniel Bell was authorized to receive service, was service proper where 
 it was delivered via certified mail, return receipt requested but not restricted 
 to the addressee?

  STANDARD OF REVIEW
The power to set aside a default is exercised 
 within the sound discretion of the trial court whose decision will not be disturbed 
 on appeal absent a clear showing of an abuse of discretion. Hill v. Dotts, 
 345 S.C. 304, 308, 547 S.E.2d 894, 896 (Ct. App. 2001) (citations omitted). 
   An abuse of discretion in setting aside a default judgment occurs when the 
 judge issuing the order was controlled by some error of law or when the order, 
 based upon factual, as distinguished from legal conclusions, is without evidentiary 
 support.  Estate of Weeks, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. 
 App. 1997).  
DISCUSSION
Rule 4(d)(3), SCRCP, provides for service 
 on a corporation by delivering a copy of the summons and complaint to a managing 
 or general agent of the corporation. 
 [1]   Furthermore, service can be made on a corporation by registered or 
 certified mail, return receipt requested and delivery restricted to the addressee.  
 Rule 4(d)(8), SCRCP.  In determining whether service of process was properly 
 made, this court examines whether the plaintiff sufficiently complied with the 
 rules so that the lower court had personal jurisdiction over the defendant and 
 the defendant had notice of the proceedings.  Roche v. Young Bros., Inc., 
 318 S.C. 207, 210, 456 S.E.2d 897, 899 (1995).     
In this case, service on Bell Appliance was received 
 by Daniel Bell via certified mail, return receipt requested.  However, because 
 of U.S. Postal Service rules, the delivery of the summons and complaint was 
 not restricted to the addressee. 
Bell Appliance first argues that Daniel Bell was not 
 authorized to accept service on its behalf.  We disagree.
While it is clear from the record that David Bell, 
 not Daniel Bell, was Bell Appliances registered agent, service on a corporations 
 general or managing agent is sufficient even when the corporation has a registered 
 agent.  Renney v. Dobbs House, Inc., 275 S.C. 562, 274 S.E.2d 290 (1981).  
 Therefore, so long as Daniel Bell was a general or managing agent, he was authorized 
 to accept service on behalf of Bell Appliance.
The circuit court found that Daniel P. Bell was operating 
 and managing Bell Appliance Sales and Service at the business address for Bell 
 Appliance.  The business used the same phone number, the same signs, the same 
 name, and the same vendors that Bell Appliance had been using for several years. 
 (R. 9) There is ample evidence in the record to support this factual finding.  
 David Bell admitted that Daniel operated an appliance business in the same building 
 in which Bell Appliance had been, the sign on the building never changed, and 
 a partner in Diversified who dealt with both David and Daniel Bell swore in 
 an affidavit that he was never informed that Daniels business was different 
 from Davids business.  (R. 87) Therefore, we find the circuit court did not 
 abuse its discretion in finding that Daniel Bell was a managing agent authorized 
 to receive service of process on behalf of Bell Appliance.
Bell Appliance next argues that service was improper 
 because it was not mailed with delivery restricted to the addressee.  We disagree.
A primary purpose of Rule 4, SCRCP, is to assure 
 the defendant receives reasonable notice of the action.  Roche, 318 S.C. 
 at 209, 456 S.E.2d at 899.  Exact compliance with the rule is not required to 
 effectuate service of process.  Id. at 210, 456 S.E.2d at 899 (citations 
 omitted).  In this case, the fact that delivery to Bell Appliance was not restricted 
 to the addressee did not undermine the underlying goal of giving notice.    
 Daniel Bell, a managing agent of Bell Appliance, accepted delivery of the summons 
 and complaint. Thus technical compliance with the statute, i.e., restricting 
 delivery to an officer, a managing or general agent, or to any other agent 
 authorized by appointment or by law, would have been no more likely to provide 
 notice.  Therefore, Diversifieds service on Bell Appliance was proper even 
 though the summons and complaint were not sent with delivery restricted to the 
 addressee. See McCall v. Finney, 294 S.C. 1, 4, 362 S.E.2d 26, 
 28 (Ct. App. 1987) (stating that this court has long recognized an overriding 
 rule of civil procedure that whatever doesnt make a difference doesnt matter).
For the foregoing reasons the 
 default judgment is
AFFIRMED.
HEARN, C.J., GOOLSBY and 
 SHULER, JJ., concur.

 
 
 [1] Specifically, Rule 4(d)(3) states that service can be made [u]pon 
 a corporation . . . by delivering a copy of the summons and complaint to an 
 officer, a managing or general agent, or to any other agent authorized by 
 appointment or by law .  . . .