THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Exide Corporation, and Johnson Controls, Inc.,       
Respondents,
 
 
 

v.

 
 
 
Bush's Recycling, Inc.,       
Appellant.
 
 
 

Appeal From Florence County
B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No.  2004-UP-489
Submitted September 15, 2004  Filed September 21, 2004

AFFIRMED

 
 
 
Edward L. Graham, of Florence, for Appellant.
E. Lloyd Willcox, II, of Florence, for Respondents.
 
 
 

PER CURIAM:  In this action to enforce the 
 judgment of an Alabama court, the appellant challenges the trial courts determination 
 regarding personal jurisdiction and the validity of service of process.  We 
 affirm. [1] 
FACTS
Following an investigation by the Environmental 
 Protection Agency into the illegal dumping of hazardous substances at a smelting 
 and battery recycling facility located in Leeds, Alabama, Exide Corporation 
 and Johnson Controls, Inc. (Respondents), along with others, entered into 
 a consent decree with the United States government.  The consent decree obligated 
 the signatories to finance and perform cleanup at the site and also to reimburse 
 the United States for past and future costs associated with cleanup.  As provided 
 for by federal law, Respondents sought contribution from more than one hundred 
 entities also identified as potentially liable for the contamination at the 
 Leeds facility.  Among those identified by Respondents was Bushs Recycling 
 (Appellant), a corporation with its principal place of business in Florence, 
 South Carolina.
Respondents brought suit in the United 
 States District Court for the Northern District of Alabama, Southern Division, 
 against Appellant and all others from whom contribution was sought.  To initiate 
 the contribution proceedings, Respondents mailed Appellant a request to sign 
 a waiver of service notification.  Though Appellants president, George Bush, 
 read the request, he declined to waive service.  Respondents then hired a professional 
 process server, Charles Ward, to effectuate formal service.  Ward personally 
 served the Summons and Complaint on an employee named Areece Myers on August 
 27, 1999 in Florence, South Carolina.  
 When Appellant failed to answer or otherwise 
 defend against the Complaint, Respondents moved for default judgment pursuant 
 to Rule 55(b) of the Federal Rules of Civil Procedure.  On November 19, 1999, 
 the federal court granted the motion, issuing a default judgment against Appellant 
 in the amount of $80,696.
Seeking to enforce the Alabama judgment against 
 Appellant, Respondents filed a Notice of Foreign Judgment in the Florence County 
 Court of Common Pleas on August 2, 2001, and served the same on Appellant seven 
 days later.  In response, Appellant filed a Notice of Defenses, contending that 
 service of process was ineffectual and the federal court in Alabama lacked personal 
 jurisdiction over Appellant.  In addition, Appellant asserted defenses on the 
 merits, requested relief from the judgment on account of mistake, inadvertence, 
 surprise or excusable neglect, and argued the district court should have held 
 a hearing to ascertain damages.
Following a hearing on the matter, the 
 trial court rejected Appellants defenses and ordered the Alabama judgment be 
 given full effect in South Carolina.  Appellant then filed a motion to amend 
 the judgment, which the trial court denied.  This appeal follows.
LAW/ANALYSIS
I.  Personal Jurisdiction
Appellant contends the trial court erred in determining 
 Appellant had sufficient contacts with Alabama to bring Appellant within the 
 district courts personal jurisdiction.  We disagree.
In accordance with the full faith and credit clause 
 of the United States Constitution, the courts of one state must give such force 
 and effect to a foreign judgment as the judgment would receive in the state 
 where rendered.  U.S. Const. Art. IV, § 1; Carson v. Vance, 326 S.C. 
 543, 550, 485 S.E.2d 126, 130 (Ct. App. 1997).  At the same time, however, the 
 full faith and credit clause only binds a court to enforce the judgment if the 
 issuing court had jurisdiction to render the judgment.  Carson, 326 S.C. 
 at 548.  Thus, [a] defendant is always free to ignore the judicial proceedings, 
 risk a default judgment, and then challenge that judgment on jurisdictional 
 grounds in a collateral proceeding.  Ins. Corp. of Ireland, Ltd. v. Compagnie 
 des Bauxites de Guinee, 456 U.S. 694, 706 (1982).
The question of personal jurisdiction over a nonresident 
 defendant is one which must be resolved upon the facts of each particular case.  
 The decision of the trial court should be affirmed unless unsupported by the 
 evidence or influenced by an error of law.  Moosally v. W.W. Norton & 
 Co., Inc., 358 S.C. 320, 327, 594 S.E.2d 878, 882 (Ct. App. 2004) (citations 
 omitted).
The determination of whether a court may exercise 
 personal jurisdiction over a nonresident involves a two-step analysis: (1) the 
 nonresidents conduct must meet the requirements of the states long-arm statute 
 and (2) the exercise of jurisdiction must comport with the requirements of the 
 due process clause.  Southern Plastics Co. v. Southern Commerce Bank, 
 310 S.C. 256, 259, 423 S.E.2d 128, 130 (1992).  Like those of many other states, 
 Alabamas long-arm statute is construed to extend jurisdiction over nonresident 
 defendants to the full extent permitted by the due process clause.  Sieber 
 v. Campbell, 810 So.2d 641, 643-44 (Ala. 2001).  As a consequence, the two-part 
 jurisdictional analysis collapses into a single inquiry as to whether the defendant 
 had minimal contacts with the forum state such that maintenance of the suit 
 does not offend traditional notions of fair play and substantial justice.  
 Intl Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see also 
 Marbury v. Am. Truetzschler, 111 F. Supp. 2d 1281, 1283 (M.D. Ala. 2000) 
 (When the courts of the forum State have interpreted the forums long-arm 
 statute to confer jurisdiction to the limits allowed by federal due process, 
 state law need not be applied: [the court] need only ask whether the exercise 
 of jurisdiction over the nonresident defendant comports with due process. 
 (citing Vermeulen v. Renault U.S.A., Inc., 975 F.2d 746, 753 (11th Cir. 
 1992)).
We find such minimum contacts exist.  On at least 
 seven occasions, Appellant shipped lead-spent batteries to a company named International 
 Lead Company in Leeds, Alabama.  Although Appellant delivered the batteries 
 through an intermediary, Appellants invoices reveal that it was purposefully 
 directing a product of its recycling business to a specific location in Alabama.  
 Additionally, exercise of personal jurisdiction over Appellant does not offend 
 traditional notions of fair play and substantial justice.  Intl Shoe, 
 326 U.S. at 316.  In the course of participating in an industry that regularly 
 implicates commerce between and among multiple states, Appellant voluntarily 
 conducted business with Alabama, thereby invoking the protection of its laws.  
 In this manner, notions of fair play and substantial justice are both rightfully 
 served in requiring Appellant to answer in an Alabama court for any tortious 
 acts committed there.  Accordingly, the trial court correctly determined the 
 Alabama courts exercise of personal jurisdiction over Appellant was proper.
II.  Service of Process
Appellant contends the trial court erred in determining 
 the Respondents personal service of process on Myers was proper service on 
 the corporation.  We disagree.
Questions of fact arising on a motion to quash 
 service of process for lack of jurisdiction over the defendant are to be determined 
 by the court.  The findings of the [trial] court on such issues are binding 
 on the appellate court unless wholly unsupported by the evidence or manifestly 
 influenced or controlled by error of law.  Brown v. Carolina Emergency Physicians, 
 P.A., 348 S.C. 569, 583, 560 S.E.2d 624, 631 (Ct. App. 2001) (citations 
 omitted).
As outlined by both the Federal Rules of Civil 
 Procedure and the South Carolina Rules of Civil Procedure, service of process 
 serves two purposes:  it confers personal jurisdiction on the court and it assures 
 the defendant has reasonable notice of the action.  Roche v. Young Bros., 
 Inc., of Florence, 318 S.C. 207, 209, 456 S.E.2d 897, 899 (1995).  Our courts 
 have never predicated effective service of process on exacting compliance with 
 the rules.  Rather, we inquire as to whether the plaintiff has sufficiently 
 complied with the rules as to confer personal jurisdiction and provide the defendant 
 with notice of the proceedings.  Id. at 210, 456 S.E.2d at 899.
Like its federal counterpart, Rule 4(d)(1), SCRCP, 
 provides for service upon an agent only if authorized by appointment or by law.  
 In determining whether an alleged agent has authority to receive process for 
 a defendant, we must look to the circumstances surrounding the relationship 
 and find authority which is either express or implied from the type of relationship 
 between the defendant and the alleged agent.  Moore v. Simpson, 322 
 S.C. 518, 523, 473 S.E.2d 64, 67 (Ct. App. 1996).  Here, Myers has been employed 
 by Appellant for approximately twenty years and regularly deals with the public.  
 Moreover, Myers, Appellants sole office employee, told the process server he 
 was authorized to accept service.  These circumstances imply Myers was authorized 
 to receive service.  Accordingly, we find the trial court committed no error 
 in finding Respondents personal service on Myers was reasonably calculated 
 to notify Appellant of the action.
AFFIRMED. [2]         
STILWELL, BEATTY, and SHORT, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2]   Appellant also asserts the circuit 
 court erred by not relieving it from the Alabama judgment based on excusable 
 neglect, the existence of a defense on the merits, and ostensible invalidity 
 of the federal courts default procedures.  These arguments are not available 
 to a defendant who is collaterally attacking a foreign judgment.  Milliken, 
 311 U.S. at 462 ([T]he full faith and credit clause of the Constitution precludes 
 any inquiry into the merits of the cause of action, the logic or consistency 
 of the decision, or the validity of the legal principles on which the judgment 
 is based.).  Because these issues are not properly before this Court, we 
 do not address them.