THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
BB&T f/k/a Southern National Bank,       
Respondent,
 
 
 

v.

 
 
 
Carolyn M. Taylor a/k/a Carolyn Yvonne Murphy Taylor,       
Appellant.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2004-UP-513
Submitted September 15, 2004  Filed October 14, 2004 

AFFIRMED

 
 
 
Carolyn M. Taylor, of Columbia, for Appellant.
John William Ray, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Carolyn M. Taylor, a/k/a Carolyn 
 Younns Murphy Taylor, appeals the trial courts order denying her motion to 
 set aside a default judgment in favor of BB&T, f/k/a Southern National Bank, 
 asserting the judgment is void for lack of sufficient service of process.  We 
 affirm.1
FACTUAL/PROCEDURAL BACKGROUND
BB&T filed this action for collection 
 of a consumer debt on May 29, 1998.  A process server purported to serve Taylor 
 on June 17, 1998, stating in his affidavit of service that the [d]ocuments 
 [were] posted on front door after person(s) inside refused to answer door.  
 On July 17, 1998, BB&T filed an affidavit of default.  The Honorable L. 
 Henry McKellar granted BB&T a default judgment on the liquidated debt, costs, 
 and attorneys fees totaling $8,926.10 by order filed August 3, 1998.  
On July 16, 2004, Taylor filed a motion 
 to vacate the judgment pursuant to Rule 60(b)(4), SCRCP, claiming the court 
 lacked personal jurisdiction in this matter due to insufficiency of service 
 of the summons and complaint.  The Honorable Alison R. Lee denied the motion.2 
 This appeal followed.   
STANDARD OF REVIEW
Questions of fact arising on a motion 
 to quash service of process for lack of jurisdiction over the defendant are 
 to be determined by the circuit court.  Brown v. Carolina Emergency Physicians, 
 P.A., 348 S.C. 569, 583, 560 S.E.2d 624, 631 (Ct. App. 2001).  The findings 
 of the circuit court on such issues are binding on the appellate court unless 
 wholly unsupported by the evidence or manifestly influenced or controlled by 
 error of law.  Id.
DISCUSSION
Taylor argues the circuit court erred 
 in finding she was properly served with the summons and complaint.  We disagree.
Rule 4(d)(1), SCRCP, provides service may be made 
 as follows:

Upon an individual other than a minor under the age of 14 
 years or an incompetent person, by delivering a copy of the summons and complaint 
 to him personally or by leaving copies thereof at his dwelling house or usual 
 place of abode with some person of suitable age and discretion then residing 
 therein, or by delivering a copy to an agent authorized by appointment or by 
 law to receive service of process. 

Rule 4, SCRCP, serves the dual purposes 
 of conferring personal jurisdiction on the court and assuring the defendant 
 of reasonable notice of the action.  Roche v. Young Bros., Inc., 318 
 S.C. 207, 209, 456 S.E.2d 897, 899 (1995).  Exacting compliance with the rules 
 is not required to effect service of process.  Id. at 209-10, 456 S.E.2d 
 at 899.  Rather, inquiry must be made as to whether the plaintiff has sufficiently 
 complied with the rules such that the court has personal jurisdiction of the 
 defendant and the defendant has notice of the proceedings.  Id. at 210, 
 456 S.E.2d at 899.  The plaintiff has the burden of establishing that the court 
 has personal jurisdiction over the defendant.  Moore v. Simpson, 322 
 S.C. 518, 523, 473 S.E.2d 64, 66 (Ct. App. 1996).  However, service of process 
 should not become a game of wiles and tricks and a defendant should not be 
 able to defeat service simply by refusing to accept the papers or by instructing 
 others to reject service. 62B Am.Jur. 2d Process § 204 (1990).
The Georgia Court of Appeals found service 
 was effective when, after the defendants wife ordered the process server to 
 leave and closed the door, the process server declared in a voice sufficiently 
 loud enough to be heard that he was leaving the papers at the front door and 
 left after doing so.  Jacobson v. Garland, 487 S.E.2d 640 (Ga. Ct. App. 
 1997).  The court explained:  It is the duty of a defendant to accept and submit 
 to the service of process when he is aware of the process servers purpose.  
 Id. at 642.  
Similarly, the New York Court of Appeals held if 
 the person to be served interposes a door between himself and the process server, 
 the latter may leave the summons outside the door, provided the person to be 
 served is made aware he is doing so.  Bossuk v. Steinberg, 447 N.E.2d 
 56, 58 (N.Y. 1983).  It extended this holding to leaving a copy of the summons 
 outside the door of the person to be served upon the refusal of a person of 
 suitable age and discretion to open the door to accept it, provided the process 
 server informs the person to whom delivery is being made that this is being 
 done.  Id.  The court in Bossuk noted that no question had been 
 raised concerning the fact that the children who received service, one 14 and 
 the other 15, were of suitable age and discretion.  Id.  See also 
 Wood v. Weenig, 736 P.2d 1053, 1055 (Utah Ct. App. 1987) (finding service 
 valid where process server left the summons and complaint on the defendants 
 doorstep after a fruitless conversation with a faceless individual inside the 
 residence who had identified herself as the defendants daughter and as being 
 of suitable age even though both of the defendants daughters denied having 
 spoken to the process server); CRB v. Wyoming, 974 P.2d 931, 935 (Wyo. 
 1999) (finding service of process was proper where after the defendant refused 
 to open his apartment door to accept service, the process server called him 
 while still outside of the apartment and informed him that he had papers to 
 serve on him, and then told him that the process server would leave the papers 
 in the defendants mailbox).
In the present case, BB&Ts process server 
 stated in an affidavit that he made nine visits to Taylors residence in his 
 attempt to serve her.  On several occasions, he confirmed someone was in the 
 residence, but no one would answer the door.  He checked the public records 
 to confirm Taylors address and discover what type of vehicle she owned and 
 the vehicles license tag number.  He returned to Taylors residence on June 
 17, 1998 at approximately 4:30 p.m.  He noted that Taylors vehicle and another 
 vehicle were in the driveway.  Once again, although someone was definitely present 
 in the residence, the occupant refused to come to the door.  The process server 
 called out his intent to leave the papers and secured the papers to the front 
 door.  He averred, I left copies [of the papers] at [Taylors] dwelling house 
 and usual place of abode with some person, I believe the Defendant, of suitable 
 age and discretion occupying the premises at that time.  
BB&Ts attorney stated in an affidavit 
 that he wrote to Taylor at both addresses for her residence confirming the service 
 and asking her to contact him after the process server left the papers at Taylors 
 residence.  After the judgment was served on Taylor, he wrote her again at both 
 addresses.  He subsequently sought and received an execution against her property.  
 The attorney averred that none of the correspondence he sent Taylor was ever 
 returned as improperly addressed or undeliverable.  
In her affidavit, Taylor acknowledged that she 
 resided at the residence where the process server left the papers and that the 
 addresses BB&Ts attorney used were valid addresses for her property.  However, 
 she asserted she never received the summons and complaint the process server 
 left at her house on June 17, 1998.  She also claimed she never received any 
 of the correspondence from BB&Ts attorney.  Taylor averred the first time 
 she knew of the existence of BB&Ts action was when she discovered the judgment 
 against her while checking the records in the clerk of courts office.  
The circuit court held, [u]nder the circumstances, 
 it cannot be argued that one may avoid service merely by refusing to answer 
 the door, and such avoidance should not be allowed.  The process server stated 
 he left the summons and complaint at Taylors residence with a person of suitable 
 age and discretion, whom he believed to be Taylor.  Although Taylor denied receiving 
 the documents, there is evidence in the record to support the trial courts 
 conclusion that Taylor was properly served.  Accordingly, under our limited 
 standard of review, we hold the trial court did not err in denying Taylors 
 motion to set aside the default judgment.  
 AFFIRMED.
HEARN, C.J., and HUFF, J., and CURETON, 
 A.J. concur.  

 
 1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 2 Judge McKellar retired July 31, 2002.