THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina
 Department of Social Services, Respondent,
v.
Amanda B.;
 Tywon J.; Joseph M., Jr.; John Doe (whose true name is unknown); and John Roe
 (whose true name is unknown), Defendants,
Of whom, Joseph
 M., Jr., is the, Appellant.
In the interest
 of three minor children under the age of eighteen (18) years.
 
 
 

Appeal From Spartanburg County
 James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No. 2012-UP-009
Submitted January 1, 2012  Filed January
13, 2012   

AFFIRMED

 
 
 
Carlos C. Johnson, of Spartanburg, for Appellant.
Deborah  Murdock, of Mauldin, for Respondent.
Michael Todd Thigpen, of Spartanburg, for Guardian Ad Litem.
 
 
 

PER CURIAM: Joseph
 M., Jr., appeals the family court's final
 order terminating his parental rights (TPR) to his minor child, arguing the
 family court erred in: 1) finding he was properly served the Summons and
 Complaint for TPR; 2) finding he made a general appearance, thereby waiving any
 defect in service; and 3) improperly proceeding with the trial without having personal
 jurisdiction over him.  We affirm.[1]
1.  We
 find the family court did not err in finding Father was properly served the
 Summons and Complaint for TPR.  See Roche
 v. Young Bros. of Florence, 318 S.C. 207,
 209-10, 456 S.E.2d 897, 899 (1995) ("Rule 4, SCRCP[,] serves at least two purposes.  It confers personal
 jurisdiction on the [family] court and assures the defendant of reasonable
 notice of the action.  We have never required exacting
 compliance with the rules to effect service of process."); id. at 211, 456 S.E.2d at 900 ("When the
 civil rules on service are followed, there is a presumption of proper
 service." (internal quotation marks omitted)); Ex parte S.C. Dept of
 Revenue, 350 S.C. 404, 407, 566 S.E.2d 196, 198 (Ct. App. 2002) ("The
 [family] courts exercise of personal jurisdiction over a party will not be
 disturbed on appeal unless wholly unsupported by the evidence or manifestly
 influenced or controlled by error of law." (internal quotation marks omitted)).
    
2.  Because our
 ruling on the first issue is dispositive as to service, we need not address the
 issue of whether Father waived service by voluntarily appearing.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining
 issues when its determination of a prior issue is dispositive of the appeal).  
3.  We find the
 family court did not err in proceeding with the trial because it obtained
 personal jurisdiction through proper service.  See BB&T v. Taylor,
 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) ("A
 [family] court generally obtains personal jurisdiction by the service of a
 summons.").
AFFIRMED.  
HUFF,
 PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this
case without oral argument pursuant to Rule 215, SCACR.