**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charleston Harbor Resort & Marina, Respondent,

v.

Paul Davis, Appellant.

Appellate Case No. 2014-001345

———————————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————————

Unpublished Opinion No. 2016-UP-061
Submitted December 1, 2015 – Filed February 17, 2016

———————————

**AFFIRMED**

———————————

Paul Davis, of Newberry, pro se.

William A. Scott, of Pedersen & Scott, PC, of
Charleston, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 4(d)(1), SCRCP (allowing service of process upon an individual "by delivering a copy of the summons and complaint to him personally . . . or by delivering a copy to an agent authorized by appointment or by law to receive service of process"); *Delta Apparel, Inc. v. Farina*, 406 S.C. 257, 267, 750 S.E.2d 615, 620 (Ct. App. 2013) (noting South Carolina courts have "never required

exacting compliance with the rules to effect service of process" (quoting *Roche v. Young Bros. of Florence*, 318 S.C. 207, 209-10, 456 S.E.2d 897, 899 (1995))); *id.* ("Rather, [courts] inquire whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." (quoting *Roche*, 318 S.C. at 210, 456 S.E.2d at 899)); *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 10, 615 S.E.2d 112, 115 (2005) ("An agent's authority is composed of his or her actual authority, whether express or implied, together with the apparent authority which the principal by his or her conduct is precluded from denying.").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.