547 S.E.2d 869

## Jean B. VAUGHN, as Personal Representative of the Estate of Mary Henrietta Bernhardt, Deceased, Respondent,

v.

## John R. BERNHARDT, Petitioner.

### No. 25303.

Supreme Court of South Carolina.

Heard April 5, 2001.

Decided June 11, 2001.

Harold P. Threlkeld, of Anderson, for petitioner.

Steven C. Kirven, of Watkins, Vandiver, Kirven, Gable & Gray, of Anderson, for respondent.

TOAL, Chief Judge:

We granted certiorari to review the Court of Appeals' decision in *Vaughn v. Bernhardt,* 339 S.C. 125, 528 S.E.2d 82 (Ct.App.2000). We affirm.

### FACTUAL/PROCEDURAL BACKGROUND[1]

In the years prior to her death, Mary Henrietta Bernhardt ("Decedent") established several accounts ("Joint Accounts") titled jointly in her name and her nephew's name, John R. Bernhardt ("Bernhardt"). The Joint Accounts contained right of survivorship provisions. The assets in the Joint Accounts represented principal amounts contributed solely by the Decedent, plus interest or income earned on principal contributed by the Decedent.

On June 7, 1995, Decedent was admitted to St. Francis Hospital. On June 15, 1995, one week after the Decedent was hospitalized, Bernhardt transferred all of the proceeds from the Joint Accounts into a new account titled solely in his name.[2] The Decedent did not consent to Bernhardt transferring the proceeds into the new account. On June 22, 1995, the Decedent died at the age of 82.

After the Decedent's death, Bernhardt used $5,000 of the Joint Accounts' funds to pay for her funeral expenses. Jean B. Vaughn, ("Vaughn"), the personal representative of the Decedent's estate, demanded Bernhardt return the Joint Accounts' funds to the estate. Bernhardt refused to relinquish the funds, and this action was commenced in probate court.

The probate court found Bernhardt was not entitled to the funds he withdrew from the Joint Accounts and ordered him to pay the funds to the estate, minus the funeral expenses. The probate court ruled the statutory presumption of entitle-

---

1. The following facts were stipulated.

2. Bernhardt withdrew approximately $52,884.86 from the Joint Accounts.

ment to funds under S.C.Code Ann. § 62–6–104(a) (1987), which Berhnardt would have as the sole surviving party to the joint accounts, only applied to sums on deposit in joint survivorship accounts at the death of the contributing party. According to the probate court, because Bernhardt withdrew the funds prior to the Decedent's death, he was not entitled to this presumption. The circuit court and the Court of Appeals affirmed the probate court's order. *Vaughn, supra.*

We granted Bernhardt's petition for a writ of certiorari to review the Court of Appeals' decision. The following issue is before this Court on certiorari:

Did the Court of Appeals err in holding a non-contributing party to a joint bank account loses his right to survivorship when he withdraws all of the funds from the joint account prior to the death of the contributing party?

## LAW/ANALYSIS

■ Bernhardt argues the Court of Appeals erred by concluding the Joint Accounts' funds are the property of the Decedent's estate because Bernhardt withdrew the funds and deposited them into a new account prior to the Decedent's death. We disagree.

### A. Statutory Construction

■ Under the plain meaning rule, it is not the Court's place to change the meaning of a clear and unambiguous statute. *Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000). Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the Court has no right to impose another meaning. *Id.*

The statutes concerning multi-party accounts and survivorship rights are unambiguous. Section 62–6–103(a) provides, "A joint account belongs, *during the lifetime of all parties,* to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." S.C.Code Ann. § 62–6–103(a) (1987) (emphasis added). Any sums "remaining on deposit" at the time of the death of one of the parties to the account belongs to the surviving party or parties as against the estate

of the decedent. S.C.Code Ann. § 62–6–104(a). The term "sums on deposit" specifically includes the balance payable on a multiple-party account and does not extend to withdrawn funds or proceeds. S.C.Code Ann. § 62–6–101(13) (1987). Because there was no multiple-party account in existence when the Decedent died, Bernhardt is not entitled to the survivorship presumption.

According to the stipulated facts, Bernhardt did not contribute any money to the Joint Accounts. Thus, under the provisions of section 62–6–103(a), all the funds from the Joint Accounts belonged to the Decedent during her lifetime because she was the sole contributor.[3] Seven days prior to the Decedent's death, Bernhardt transferred the funds from the Joint Accounts into an account titled solely in his name. When the Decedent died, there were no sums on deposit in the Joint Accounts because Bernhardt had removed the funds. Therefore, Bernhardt cannot claim ownership of the funds based on section 62–6–104(a), the right of survivorship provision.

Bernhardt argues the ownership provision, section 62–6–103(a), does not apply to this case because it only applied during the lifetime of the parties, and the Decedent is now dead. We disagree. Section 62–6–103(a) is not rendered inapplicable just because the Decedent died. Section 62–6–103(a) certainly applied seven days prior to the Decedent's death when Bernhardt transferred the funds from the Joint Accounts into a personal account, because those funds belonged to the Decedent. Because both parties to the Joint Accounts were still living at the time of the transfer, section 62–6–103(a) dictates the funds removed by Bernhardt belonged to the Decedent at that time.

### B. Persuasive Authority

This Court has never addressed the question of whether a party on a joint account with the right of survivorship can withdraw the funds prior to the other party's death without causing the funds to become assets of the decedent's estate. In deciding this novel issue, the Court of Appeals relied on

---

**3.** None of the stipulated facts indicate the Decedent had a contrary intent.

*Shourek v. Stirling,* 621 N.E.2d 1107 (Ind.1993), a persuasive Indiana case with almost identical facts. We agree with the Court of Appeals' and the Indiana Supreme Court's interpretation.

In *Shourek,* the decedent added her niece as a joint owner of a checking account and four certificates of deposit. *Id.* at 1108. All accounts contained rights of survivorship and an unrestricted right of withdrawal by either joint tenant. *Id.* Merely four hours before her aunt's death, the niece withdrew approximately $65,000 from some of the joint accounts. *Id.* Construing statutes identical to South Carolina's, the Indiana Supreme Court found the presumption of survivorship on a joint account does not apply where there is a withdrawal of funds while the account holder is still alive. *Id.* at 1110. According to the Indiana Supreme Court, in order for the niece to benefit from the survivorship presumption, the funds must have remained on deposit when her aunt died. Consequently, the court required the niece to establish her entitlement to ownership without the benefit of a survivorship presumption. *Id.*

The present case raises several policy concerns. While the Decedent may well have intended for Bernhardt to receive the Joint Accounts' funds after her death, Bernhardt choose to rely solely on the statutory presumption and did not present other evidence of intent. As explained above, however, he is not entitled to the presumption. The effect of our decision today may be to frustrate the Decedent's intent, but to hold otherwise would be to ignore the plain meaning of the statute. Furthermore, accounts with right of survivorship provisions are often set up to allow caretakers to assist elderly people with the management of their finances. Their financial protection can best be honored by adhering to the statutory presumption.

## CONCLUSION

Based on these policy considerations, we uphold the plain language of the statutes, and **AFFIRM** the Court of Appeals' decision.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.