# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Corona Campbell as Personal Representative of the
Estate of Ann M. Blandin, Respondent/Appellant,

v.

City of North Charleston, Appellant/Respondent.

Appellate Case No. 2017-001628

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Opinion No. 5748
Heard May 14, 2020 – Filed July 22, 2020

---

## AFFIRMED

---

John E. Parker and William Franklin Barnes, III, both of
Peters Murdaugh Parker Eltzroth & Detrick, PA, of
Hampton; and Lawrence C. Kobrovsky, of Law Offices
of Lawrence C. Kobrovsky, of Charleston, all for
Respondent/Appellant.

Robert H. Hood, of Hood Law Firm, LLC, of Charleston;
Deborah Harrison Sheffield, of Columbia; J. Brady Hair
and Derk Van Raalte, IV, both of Law Offices of J.
Brady Hair, of North Charleston, all for
Appellant/Respondent.

---

**LOCKEMY, C.J.:** In this cross-appeal, the City of North Charleston (the City)
appeals the circuit court's denial of its motion to set aside an entry of default, and

Ann M. Blandin[1] appeals the master-in-equity's default judgment order capping Blandin's award at $300,000 under the South Carolina Tort Claims Act (the Act).[2] Blandin argues the master erred in capping her award because the cap was an affirmative defense that had to be pled. The City argues the circuit court abused its discretion in denying the City's motion because the City proved its failure to respond was due to inadvertence. We affirm both the circuit court's order denying the City's motion and the master's order capping Blandin's award.

## FACTS/PROCEDURAL HISTORY

On June 12, 2015, Blandin commenced this action against the City, alleging that while operating her vehicle, she was struck by a city police car, which was travelling at a high rate of speed. In her complaint, Blandin alleged the City was a political subdivision subject to suit pursuant to the Act. On June 30, 2015, Blandin served Sandy Brown, the administrative assistant to the Clerk of Council, who was authorized to accept service on behalf of the City's mayor. The City did not respond. On November 9, 2015, the Clerk of Court entered default against the City pursuant to Rule 55, SCRCP. On April 5, 2016, the circuit court referred the matter to the master to determine damages.

On May 17, 2016, the City received notice of the damages hearing scheduled for July 7, 2016. Two days later, the City filed a Rule 55(c), SCRCP, motion to set aside the entry of default and to file a late answer. In its written motion, the City argued the failure was "based on exceptional circumstances surrounding the employees in the City's Risk Department." The City admitted its risk manager, Leslie Mitchum, sent the complaint to the City's claims and insurance coordinator, Karen Helms, instead of the City's liability claims handler, as was the City's standard protocol. Helms received the e-mail containing the complaint, and the e-mail remained unopened in her inbox. The City argued these were "unprecedented circumstances" and that after it learned of the suit, it worked diligently to respond. The City claimed it had a meritorious defense because Blandin drove through a stop sign prior to being struck, she would not be prejudiced by the setting aside of the entry of default, and setting aside the entry of default would serve the interests of justice because otherwise, innocent taxpayers would be left with the financial burden.

---

[1] Ann M. Blandin passed away during the pendency of this appeal, and her daughter, Corona Campbell, was substituted as a party.
[2] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2019).

At the motions hearing, the City argued Helms's failure to send the complaint to the South Carolina Reserve Insurance Fund was a good-faith mistake and it was good public policy for the State of South Carolina to be heard on the merits.

The circuit court denied the City's motion to set aside the entry of default, and the City filed a Rule 59(e), SCRCP, motion. The circuit court denied the motion, stating, "[The] failure to forward an e-mail d[id] not amount to good cause shown for failure to timely file an Answer. In addition, the [City wa]s not a state agency under . . . Rule 55(e), [SCRCP]."

Following the damages hearing, Blandin argued the statutory cap set forth in section 15-78-120(a) of the Act did not apply because it was an affirmative defense, which was "waived or lost" upon an entry of default. She further argued this court erred in *Parker v. Spartanburg Sanitary Sewer District*,[3] when we held the statutory cap was self-executing and not an affirmative defense. The circuit court had awarded Blandin $1,000,000 in medical expenses and $4,250,000 for pain and suffering and permanent injury; however, the court ordered the cap was self-executing and capped her recovery at $300,000. The City did not file a Rule 60(b), SCRCP, motion.

## ISSUES ON APPEAL

1. Did the circuit court abuse its discretion by denying the City's Rule 55(c), SCRCP, motion to set aside the entry of default?

2. Did the master err by reducing the judgment to the limitation of liability contained in the Act because the cap is an affirmative defense?

## STANDARD OF REVIEW

"A motion under Rule 55(c) is addressed to the sound discretion of the trial court." *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 608, 681 S.E.2d 885, 888 (2009). The circuit court's decision to set aside an entry of default or a default judgment "will not be disturbed on appeal absent a clear showing of an abuse of that discretion." *Regions Bank v. Owens*, 402 S.C. 642, 647, 741 S.E.2d 51, 54 (Ct. App. 2013). "An abuse of discretion occurs when the judgment is controlled

---

[3] 362 S.C. 276, 285, 607 S.E.2d 711, 716 (Ct. App. 2005).

by some error of law or when the order, based upon factual, as distinguished from legal[,] conclusions[] is without evidentiary support." *Id.*

The question of whether the Act's statutory cap applies is a question of law, which this court reviews de novo. *See Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008).

**LAW/ANALYSIS**

**I. The City's Rule 55(c) Motion**

The City argues the circuit court abused its discretion by denying its motion to set aside the entry of default because it made the requisite showing of good cause. Specifically, the City contends Helms's failure to forward an e-mail to its risk manager was an administrative "mistake from inadvertence," which satisfies the "mere" good cause standard. The City further argues it satisfied the *Wham*[4] factors because it filed its motion immediately upon notice of default, it had a meritorious defense, and Blandin would not be prejudiced by the setting aside of the entry of default. We disagree.

"For good cause shown[,] the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)[, SCRCP]." Rule 55(c), SCRCP.

> The standard for granting relief from an entry of default under Rule 55(c) is mere "good cause." This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice. Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the [defaulting party] has a

---

[4] *Wham v. Shearson Lehman Bros.*, 298 S.C. 462, 465, 381 S.E.2d 499, 501-02 (Ct. App. 1989) (providing a court must consider the following factors when deciding a Rule 55(c), SCRCP, motion: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the complainant if relief is granted).

> meritorious defense; and (3) the degree of prejudice to
> the plaintiff if relief is granted.

*Sundown Operating Co.*, 383 S.C. at 607-08, 681 S.E.2d at 888 (citations omitted).

"Once a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP." *Id.* at 608, 681 S.E.2d at 888. "[T]he standard for granting relief under Rule 60(b) is more rigorous than under Rule 55(c), and . . . an entry of default may be set aside for reasons that would be insufficient to relieve a party from a default judgment." *Id.* at 607, 681 S.E.2d at 888. Rule 60(b)(1), SCRCP, provides, "On motion[,] and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." "The Rule 60(b) factors are indeed relevant to a Rule 55(c) analysis, but only insomuch as proof of any one of these factors is sufficient to show 'good cause.'" *Id.* at 608, 681 S.E.2d at 889.

Initially, we reject Blandin's contention that the City was required to file a Rule 60(b) motion for relief from default judgment in order to challenge the entry of default on appeal. *See Thynes v. Lloyd*, 294 S.C. 152, 153-54, 363 S.E.2d 122, 122-23 (Ct. App. 1987) (holding the denial of a motion under Rule 55(c) to set aside an entry of default is not appealable until after final judgment). Here, the City moved pursuant to Rule 55(c) to set aside the entry of default prior to the entry of the default judgment, and the circuit court ruled upon the motion as well as the City's subsequent Rule 59(e) motion to reconsider. Therefore, the issue of whether the court erred by refusing to set aside the entry of default is properly before this court.

On the merits, we hold the circuit court did not abuse its discretion by finding the City's failure to forward an internal e-mail was not a good cause warranting the court to set aside the entry of default.

In *Roche v. Young Bros. of Florence*, our supreme court held the failure to forward a summons and complaint after receiving it does not constitute inadvertence or excusable neglect sufficient to put aside a default judgment. 318 S.C. 207, 210-12, 456 S.E.2d 897, 899-901 (1995). In *Roche*, the vice president of the defendant company placed the summons and complaint on his secretary's desk, and the summons and complaint never reached the company's registered agent. *Id.* at 209, 456 S.E.2d at 899. The company failed to respond, resulting in a Rule 55(a) entry of default and a default judgment. *Id.* Our supreme court affirmed the trial court's

ruling that default from the failure to forward a summons and complaint "was not the result of inadvertence or excusable neglect." *Id*. at 212, 456 S.E.2d at 900. We recognize *Roche* was based on a Rule 60(b) motion and this is a Rule 55(c) motion, which is governed under a more lenient standard. *See Sundown Operating Co.*, 383 S.C. at 608, 681 S.E.2d at 889 ("The Rule 60(b) factors are indeed relevant to a Rule 55(c) analysis, but only insomuch as proof of any one of these factors is sufficient to show 'good cause.'"). Because the City specifically argues the good cause of their failure was inadvertence, *Roche* is instructive only insofar as to what constitutes inadvertence.

Here, the City does not dispute that it was properly served and admitted it failed to forward the complaint, which remained in Helms's inbox unopened. Helms provided no explanation for her failure to open or forward the e-mail and only stated it was "out of character." We hold the circuit court did not abuse its discretion by finding the failure to forward or open an e-mail did not satisfy the good cause standard articulated in Rule 55(c), SCRCP. *See Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 178-79, 463 S.E.2d 636, 638-39 (Ct. App. 1995) (affirming the trial court's finding that the defendant's failure to recognize a deadline did not constitute good cause to set aside the entry of default); *cf. Nelson v. Coleman Co.*, 41 F.R.D. 7, 9-11 (D.S.C. 1966) (finding the failure to timely forward a complaint within a company's internal departments was not good cause to warrant relief from default).[5]

## II. Damages Cap

Blandin argues the City could not assert the cap because it was in default and the Act's limitations upon liability are affirmative defenses. We disagree.

The Act governs all tort claims against government entities and is the exclusive civil remedy "for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty." S.C. Code Ann. § 15-78-200 (2005). "The provisions of [the Act] establish limitations on and exemptions to the liability of the governmental entity and must be liberally construed in favor of limiting the liability of the governmental entity." *Id.*

---

[5] Because the City has failed to put forward a satisfactory explanation, we need not address the *Wham* factors. *See Sundown Operating Co.*, 383 S.C. at 607, 681 S.E.2d at 888 (providing that "[o]nce a party has put forth a satisfactory explanation for the default, the trial court must also consider" the *Wham* factors (emphasis added)); *see also Wham*, 298 S.C. at 465, 381 S.E.2d at 501-02.

> For any action or claim for damages brought under the provisions of this chapter, the liability shall not exceed the following limits:
>
> (1) Except as provided in Section 15-78-120(a)(3), no person shall recover in any action or claim brought hereunder a sum exceeding three hundred thousand dollars because of loss arising from a single occurrence regardless of the number of agencies or political subdivisions involved.

S.C. Code Ann. § 15-78-120(a) (2005). In *Parker*, this court held the liability cap was not an affirmative defense and was self-executing. 362 S.C. at 285, 607 S.E.2d at 716. The plaintiff brought a personal injury action against the defendant following an automobile accident. *Id.* at 279, 607 S.E.2d at 713. On the first day of trial, the defendant moved to file an amended answer that included the statutory cap, and the trial court denied the motion. *Id.* at 279-80, 607 S.E.2d at 713. The jury awarded Parker $450,000, and the trial court denied the defendant's motion to reduce the award to $300,000 in accordance with the Act. *Id.* at 280, 607 S.E.2d at 713. On appeal, this court held "that the liability cap articulated within the . . . Act is **NOT** an affirmative defense and the failure to plead the specific limitation on the amount of recovery allowed under the . . . Act is **NOT** a waiver of the cap." *Id.* at 289, 607 S.E.2d at 718. In addition, this court found the defendant was not required to plead the Act's "statutory cap as an affirmative defense" when the plaintiff had conceded the Act applied to her claim. *Id.* at 282, 607 S.E.2d at 715. This court stated,

> There is absolutely no verbiage articulated within the [Act] mandating that a governmental entity plead the monetary statutory cap included within section 15-78-120. The . . . Act is imbued with public policy considerations limiting and qualifying liability of governmental entities. We conclude that the monetary statutory cap is *self-executing* and the court is required to apply the monetary statutory cap to any jury verdict exceeding $300,000.

*Id.* at 285, 607 S.E.2d at 716 (emphasis added).

We reiterate our holding in *Parker* that the plain meaning of the statute indicates this cap must be executed regardless of whether a defendant has filed a responsive pleading raising this cap as a defense. The statute expressly states the liability "shall" not exceed the Act's limits and this damages cap does not require any special findings that would affect the proof at trial,[6] which establishes the application of the cap is mandatory and self-executing. *See Vaughn v. Bernhardt*, 345 S.C. 196, 198, 547 S.E.2d 869, 870 (2001) ("Where the statute's language is plain and unambiguous[] and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the [c]ourt has no right to impose another meaning."); *Wigfall v. Tideland Utilities, Inc.*, 354 S.C. 100, 111, 580 S.E.2d 100, 105 (2003) ("The term 'shall' in a statute means that the action is mandatory."); § 15-78-120(a) (providing "[f]or any action or claim for damages brought under the provisions of this chapter, the liability *shall not* exceed" the limits set forth therein (emphasis added)). We hold that under the plain meaning of section 15-78-120(a), courts must apply the statutory cap to actions brought pursuant to the Act.

Here, Blandin brought her cause of action pursuant to the Act. We find Blandin is bound by her pleadings, and having asserted the complaint was authorized by the Act, she cannot now argue this court should not apply the Act's self-executing cap. *See Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (finding a party who conceded in his complaint that his cause of action was under the Act could not argue on appeal that the Act did not apply); *Parker*, 362 S.C. at 285, 607 S.E.2d at 716 (holding the Act's monetary cap is self-executing). For the foregoing reasons, we hold the master did not err by applying the statutory cap because it is not an affirmative defense and is self-executing.

**CONCLUSION**

We hold the circuit court did not abuse its discretion by finding the City failed to put forth an adequate explanation to obtain relief from the entry of default, and we therefore affirm the circuit court's order denying the City's Rule 55(c), SCRCP, motion to set aside the entry of default. Further, we find the statutory cap found in section 15-78-120(a) is self-executing, and therefore, the master did not err in applying the $300,000 damages cap. Accordingly, the rulings of the circuit court and master are

---

[6] *Cf. James v. Lister*, 331 S.C. 277, 284, 500 S.E.2d 198, 202 (Ct. App. 1998) (holding that any liability limits affecting the proof at trial must be pled as an affirmative defense).

**AFFIRMED.[7]**

**GEATHERS and HEWITT, JJ., concur.**

---

[7] We decide this case without oral argument pursuant to Rule 215, SCACR.