**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael L. Woods, Appellant,

v.

Wyman Jean Woods, Jr., Trustee of the Wyman and Marguerite Woods Family Trust utd 01/16/98, Respondent.

Appellate Case No. 2024-000867

———————

Appeal From Berkeley County
Dale Edward Van Slambrook, Master-in-Equity

———————

Unpublished Opinion No. 2025-UP-436
Heard October 16, 2025 – Filed December 23, 2025

———————

**AFFIRMED**

———————

Andrew T. Shepherd, of Shepherd Law Firm, LLC, of Summerville, for Appellant.

John Samuel West, of West Law Firm, P.A., of Moncks Corner, for Respondent.

———————

**PER CURIAM:** Michael L. Woods appeals the master-in-equity's order affirming the probate court's denial of his motion to alter or amend the accounting of his father's trust. On appeal, Michael argues the probate court incorrectly concluded (1) the joint accounts held by himself and his father were trust assets and (2) the

counterclaims for setoff from the jointly held accounts were claims belonging to his father's trust.  We affirm.

1.  We hold Michael failed to rebut the statutory presumption that during the lifetime of his father, the funds in the joint accounts belonged to the owners in proportion to their contributions.  *See Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 427, 673 S.E.2d 448, 453 (2009) ("An action for an accounting sounds in equity.  Therefore, [the appellate court] may review the record and make findings in accordance with its own view of the preponderance of the evidence."); S.C. Code Ann. § 62-6-201(A) (2022) ("During the lifetime of all parties, an account belongs to the parties in proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent.").  Both parties agree their father contributed all the funds to the joint accounts.  We hold the master and probate court correctly determined Michael did not meet his burden of establishing clear and convincing evidence of a different intent.[1]  *See Vaughn v. Bernhardt*, 345 S.C. 196, 200, 547 S.E.2d 869, 871 (2001) ("[A]ccounts with right of survivorship provisions are often set up to allow caretakers to assist elderly people with the management of their finances.  Their financial protection can best be honored by adhering to the statutory presumption."); *cf. Kemp v. Rawlings*, 358 S.C. 28, 37, 594 S.E.2d 845, 850 (2004) (finding a provision in a will gifting the disputed joint account to the other account holder was evidence of decedent's "intent for appellant to receive those funds regardless of whether she withdrew them prior to his death").  Thus, the master did not err in affirming the probate court's determination that the joint accounts were trust assets.

2.  We hold Michael abandoned his argument on appeal that the counterclaims did not properly belong to the trust.[2]  Because only conclusory statements support the argument and Michael cites no authority to support the position, the issue is abandoned on appeal.  *See Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497

---

[1] Michael argued his father demonstrated a contrary intent through (1) the language of the signature card agreement establishing the joint accounts as the "property of each co-owner and payable to either co-owner" and (2) his father's conduct in removing Wyman Jean Woods, Jr. as power of attorney and subsequently naming Michael.

[2] Michael asserted in his statement of issues on appeal that the claims did not belong to the trust.  The remainder of the brief did not address ownership of the counterclaims.  At oral argument, Michael clarified his position was that the counterclaims could belong only to the personal representative of the estate.

(Ct. App. 2006) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court." (quoting *Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 284 (Ct. App. 1993))); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *see also Med. Univ. of S.C. v. Arnaud*, 360 S.C. 615, 620, 602 S.E.2d 747, 750 (2004) (noting issues are deemed abandoned when the arguments on those issues are conclusory); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding the failure to provide arguments or supporting authority for an issue renders it abandoned); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned), *aff'd as modified on other grounds*, 337 S.C. 622, 525 S.E.2d 246 (2000).

**AFFIRMED.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**